STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, <br><br> Plaintiff, <br><br> v. <br><br> MOTORCYCLE RACING ASSOCIATION OF NEVADA, a Nevada domestic non-profit corporation, <br><br> Defendant. | Case No.: 2:10-cv-0855 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Motorcycle Racing Association of Nevada ("MRAN"), on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. MRAN is, and has been at all times relevant to this lawsuit, a domestic non-profit corporation with its principal place of business in Nevada.

5. MRAN is, and has been at all times relevant to this lawsuit, identified by the current registrar, Register.com, as the registrant and administrative contact for the Internet domain found at <mranracing.com> (the "Domain").

**JURISDICTION**

6. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

7. MRAN purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

8. Righthaven is the owner of the copyright in the literary work entitled "Heller targets national monument designations" (the "Work"), attached hereto as Exhibit 1.

9. MRAN copied, on an unauthorized basis, the Work from a source emanating from Nevada.

10. On or about February 24, 2010, MRAN displayed and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

11. MRAN's display of the Infringement was and is purposefully directed at Nevada residents.

12. MRAN copied, on an unauthorized basis, the literary work entitled "Bill would exempt Nevada from presidential authority" (the "Presidential Authority Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

13. On or about February 25, 2010, MRAN displayed and continues to display the Presidential Authority Article on the Website.

14. MRAN's display of the Presidential Authority Article was and is purposefully directed at Nevada residents.

## VENUE

15. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

16. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because MRAN may be found in Nevada.

17. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because MRAN is subject to personal jurisdiction in Nevada.

## FACTS

18. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

19. Righthaven is the owner of the copyright in the Work.

20. The Work was originally published on February 24, 2010.

21. On May 13, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007139262 (the "Registration") and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

22. As of June 3, 2010, MRAN claims ownership of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "© 2009 MRAN Racing."

23. No later than February 24, 2010, MRAN displayed, and continues to display, the Infringement on the Website.

24. MRAN did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

25. MRAN was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

26. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 25 above.

27. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

28. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

29. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

30. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

31. MRAN reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

32. MRAN created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

33. MRAN distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

34. MRAN publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

35. MRAN has willfully engaged in the copyright infringement of the Work.

36. MRAN's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

37. Unless MRAN is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by MRAN of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain MRAN, and MRAN's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under MRAN, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct MRAN to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to MRAN's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom MRAN has communicated regarding MRAN's use of the Work; and

       c.      All financial evidence and documentation relating to MRAN's use of the Work;

3. Direct Register.com and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of June, 2010.

      RIGHTHAVEN LLC

      By: /s/ J. Charles Coons
      STEVEN A. GIBSON, ESQ.
      Nevada Bar No. 6656
      J. CHARLES COONS, ESQ.
      Nevada Bar No. 10553
      JOSEPH C. CHU, ESQ.
      Nevada Bar No. 11082
      9960 West Cheyenne Avenue, Suite 210
      Las Vegas, Nevada 89129-7701
      Attorneys for Plaintiff